**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FRANCISCO GIL,

    Petitioner,

vs.                                                    Case No. 3:04-cv-913-J-32MMH
                                                                3:02-cr-258-J-32TEM

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**[1]

This case is before the Court on petitioner Francisco Gil's ("petitioner") Motion for Permission to Appeal In Forma Pauperis (Doc. 19). The Court also construes this motion as an Application for a Certificate of Appealability. On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, Federal Rule of Appellate Procedure 22, and 21 U.S.C. § 848(q). As a result, this Court should grant an application for a certificate of appealability only if the petitioner makes a substantial showing of the denial of a constitutional right. To make this substantial showing, petitioner "must demonstrate that the issues are debatable among jurists of reason" or "that a

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

court could resolve the issues [differently]." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (citation omitted).  In addition, petitioner could show "the questions are adequate to deserve encouragement to proceed further." Id.

Specifically, where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir.), cert. denied, 531 U.S. 966 (2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 532 U.S. 1009 (2001).  Here, based on the Court's review of the motions filed and the Orders rendered, the petitioner has failed to satisfy the applicable Slack test for any issue he seeks to appeal.

It is hereby **ORDERED:**

1)     Petitioner Francisco Gil's Application for a Certificate of Appealability (Doc. 19) is **DENIED**.

2)     Petitioner Francisco Gil's Application to Proceed *In Forma Pauperis*

(Doc. 19) is **DENIED**.

      3)    The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of February, 2007.

                                                            _____
                                                            TIMOTHY J. CORRIGAN
                                                            United States District Judge

t
copies to:
counsel of record
pro se party
Clerk of Court for the Eleventh Circuit Court of Appeals